IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MISTY TOOMEY, | § | |
| | § | No. 460, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1610006528 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 27, 2018
Decided: December 13, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

(1)    The appellant, Misty Toomey, filed this appeal from the Superior Court's order dated August 14, 2018, denying her request for credit for time that she served before her sentencing on June 5, 2018. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Toomey's opening brief that the appeal is without merit. We agree and affirm.

(2)    On August 9, 2017, following her guilty plea to two drug offenses and one count of conspiracy, Toomey was sentenced to a total of three years of Level V incarceration—one year for each guilty plea conviction—suspended immediately for Level III probation. Since then, Toomey has been found guilty of violation of probation ("VOP") three times.

(3) When sentencing Toomey for her second VOP on April 6, 2018, the Superior Court imposed a total of two years and ten months of Level V incarceration—ten months for the first drug offense, one year for the second drug offense, and one year for conspiracy. The court suspended the Level V incarceration for a total of one year and nine months of Level IV Residential Substance Abuse Treatment—nine months for the first drug offense, one year for the second drug offense—followed, upon successful completion, by one year of Level III probation for conspiracy.

(4) This appeal concerns the sentence imposed for Toomey's third VOP after a hearing on June 5, 2018. When imposing the sentence, the Superior Court discharged Toomey as unimproved from the two drug offense sentences. For conspiracy, the court imposed one year of Level V incarceration suspended after nine months served under 11 *Del. C.* § 4204(k), with no probation to follow.[1]

(5) On August 10, 2018, Toomey submitted a letter asking the Superior Court to apply thirty-eight days of credit to her June 5, 2018 VOP sentence for the period of time she was held without bail before the June 5 VOP hearing. By order dated August 14, 2018, the Superior Court denied Toomey's request after

---

[1] 11 *Del. C.* § 4204(k)(1) ("[T]he court may direct as a condition to a sentence of imprisonment to be served at Level V . . . that all or a specified portion of said sentence shall be served without benefit of any form of early release, good time, furlough, work release, supervised custody or any other form or reduction or diminution of sentence.").

determining that the court took into account all of the time Toomey previously served when sentencing her on June 5, 2018. In her appeal from the August 14 order, Toomey argues that the Superior Court erred when denying her request for time-served credit.

(6) Toomey was entitled to time-served credit for the days she was held without bail before her hearing and sentencing on June 5, 2018 on her third VOP.[2] Toomey received that credit, however, on June 5, 2018, when the Superior Court discharged her as unimproved from the unexpired drug offense sentences imposed on April 6, 2018 for her second VOP.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[2] *Richardson v. State*, 2002 WL 972233 (Del. May 9, 2002) (citing 11 *Del. C.* § 3901(b)).